FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2014 JUL 17 PM 1:05

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.  CASE NO. 8:14-CR-307 T 17 TGW

MAHMOUD ABDEL-GHANI MOHAMMAD ASSAF
and
YASSER AHMAD OBEID

18 U.S.C. § 371
22 U.S.C. § 2778
18 U.S.C. § 554
18 U.S.C. § 981(a)(1)(C) – forfeiture
19 U.S.C. § 1595a(d) - forfeiture
22 U.S.C. § 401 - forfeiture
28 U.S.C. § 2461(c) – forfeiture

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

### A. Introduction

At all times material to this Indictment:

1. The Arms Export Control Act ("AECA") (Title 22, United States Code, Section 2778) authorizes the President of the United States ("the President") to control the export of "defense articles" by designating items on the United States Munitions List ("USML").

2. The AECA and its attendant regulations, the International Traffic in Arms Regulations ("ITAR"), (Title 22, Code of Federal Regulations, Sections 120-130), require a person to apply for and obtain an export license from the Department of State, Directorate of Defense Trade Controls ("DDTC") before

exporting arms, ammunition, or articles of war, which are all classified as defense articles, from the United States (Title 22, United States Code, Sections 2778(b)(2) and 2794(3), and 22 C.F.R. Section 120.1). The AECA and ITAR also prohibit the export of or attempt to export from the United States any defense article for which a license or written approval is required (22 C.F.R. Section 127.1).

3.  The definition of "export" in 22 C.F.R. Section 120.17(a) includes the sending or taking of a defense article out of the United States in any manner.

4.  In the application for an export license, the exporter is required to state, among other things, the nature of the defense article to be exported, the end recipient of the defense article, and the purpose for which the defense article is intended. These factors and others assist the DDTC in determining whether the export of the defense article would further the security and foreign policy interests of the United States or would otherwise affect world peace.

5.  The defense articles which are subject to such licensing requirements are designated on the USML. Those designations are made by the Department of State with the concurrence of the Department of Defense.

6.  "Defense articles" designated on the USML, as that term is used in Title 22, United States Code, Section 2778(b)(2) and the ITAR, include assorted classifications of conventional weapons, including firearms, ammunition, and related devices.

7.  Nonautomatic and semi-automatic firearms up to caliber .50 inclusive (12.7 mm) are defense articles within USML Category I(a), and a person

must be registered with the DDTC and must apply for and receive an export license or other written prior approval to export these defense articles from the United States.

8. A Glock 9mm pistol is a firearm as defined by Title 18, United States Code, Section 921, and is a defense article within USML Category I(a), and a person must be registered with the DDTC and must apply for and receive an export license or other written prior approval to export this defense article from the United States.

9. Defendant **MAHMOUD ABDEL-GHANI MOHAMMAD ASSAF** was a citizen of Jordan present in the United States on a B1/B2 nonimmigrant visitor visa.

10. Defendant **YASSER AHMAD OBEID** was a Lawful Permanent Resident of the United States residing in St. Petersburg, Florida, and a citizen of Lebanon.

11. Speed Auto Sales, Inc., was a Florida corporation doing business at 5808 East Broadway Avenue, Tampa, Florida, and operated as a shipper/exporter of vehicles from the United States to locations overseas.

12. Neither defendant **MAHMOUD ABDEL-GHANI MOHAMMAD ASSAF**, nor defendant **YASSER AHMAD OBEID**, nor Speed Auto Sales, Inc., had applied for an export license with the DDTC, nor had the DDTC granted any export license or other written approval to either defendant or Speed Auto Sales, Inc., with respect to the exportation of defense articles on the USML.

### B.  Object of the Conspiracy

13. The allegations set forth in paragraphs 1 through 12 of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

14. Beginning on an unknown date, but no later than in or about April 2014, and continuing through on or about June 25, 2014, in the Middle District of Florida and elsewhere,

**MAHMOUD ABDEL-GHANI MOHAMMAD ASSAF
and
YASSER AHMAD OBEID,**

the defendants herein, did knowingly and willfully combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury, to willfully export and cause to be exported, from the United States defense articles listed on the USML, specifically firearms within Category I(a), without having first obtained from the Department of State, DDTC, a license or other written authorization for such export, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and 127.3.

### C.  Manner and Means

15. The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others:

    a. It was part of the conspiracy that conspirators would and did travel from countries in the Middle East to the Middle District of Florida for the

purpose of acquiring firearms and automobiles in exchange for U.S. currency.

  b. It was further part of the conspiracy that the conspirators would and did acquire firearms, as defined by federal law and within Category I(a) of the USML, from various locations in the Middle District of Florida and elsewhere, by paying cash for said firearms.

  c. It was further part of the conspiracy that conspirators would and did attend automobile auctions within the Middle District of Florida and purchase automobiles for cash, with the intent to export those automobiles from the United States to Jordan.

  d. It was further part of the conspiracy that the conspirators would and did conceal and hide firearms that they had acquired in the Middle District of Florida and elsewhere within the automobiles purchased at auctions within the Middle District of Florida.

  e. It was further part of the conspiracy that the conspirators would and did use Speed Auto Sales, Inc., to ship and export the automobiles containing the concealed and hidden firearms from the United States to Jordan through various shipping ports in the United States, including the Port of Jacksonville, located within the Middle District of Florida.

  f. It was further part of the conspiracy that conspirators, known and unknown to the Grand Jury, including defendant **MAHMOUD ABDEL-GHANI MOHAMMAD ASSAF**, would and did agree to pay defendant **YASSER AHMAD OBEID** a commission on firearms that **YASSER AHMAD OBEID** acquired for

5

concealment and hiding in the vehicles intended for export from the United States to Jordan.

    g.    It was further part of the conspiracy that the conspirators would and did perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

### D. Overt Acts

16.    In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the Middle District of Florida and elsewhere:

    a.    On or about May 28, 2014, defendant **MAHMOUD ABDEL-GHANI MOHAMMAD ASSAF** arrived in the United States from Jordan on a B1/B2 visitor visa.

    b.    On or about June 6, 2014, defendant **YASSER AHMAD OBEID** arranged a meeting for the purpose of discussing an illicit purchase of Glock 9mm pistols so that the Glock pistols could be illegally exported from the United States.

    c.    On or about June 8, 2014, defendant **MAHMOUD ABDEL-GHANI MOHAMMAD ASSAF** purchased three AR-15 rifle magazines, which were defense articles on the USML, from a gun show in Tampa, Florida, and concealed and secreted them in a 2009 Toyota Prius automobile to be exported from the United States to Jordan via the Port of Jacksonville.

d. On or about June 18, 2014, the defendants met with individuals at a restaurant in Tampa, Florida, during which meeting defendant **MAHMOUD ABDEL-GHANI MOHAMMAD ASSAF** ordered thirty Glock 9mm pistols and agreed to pay $600 cash per Glock pistol.

e. On or about June 21, 2014, defendant **MAHMOUD ABDEL-GHANI MOHAMMAD ASSAF** concealed and secreted five firearms, all defense articles on the USML and none of which were lawfully purchased or registered by him, in a white Ford Escape automobile he purchased at an automobile auction, and which automobile was scheduled to be exported by Speed Auto Sales, Inc. from the United States to Jordan on or about July 10, 2014.

f. On or about June 23, 2014, defendant **MAHMOUD ABDEL-GHANI MOHAMMAD ASSAF** made a telephone call, during which he advised that he would purchase the thirty Glock pistols on June 24, 2014, and that he would be paying in cash.

g. On or about June 23, 2014, defendant **YASSER AHMAD OBEID**, sent a series of text messages and made telephone calls, wherein the defendant **YASSER AHMAD OBEID** provided a meeting location for June 24, 2014, to complete the illicit firearms transaction.

h. On or about June 25, 2014, defendant **YASSER AHMAD OBEID**, provided a meeting location, via text messages and telephone calls, to complete the illicit firearms transaction on June 25, 2014.

7

      i.      On or about June 25, 2014, the defendant, **MAHMOUD ABDEL-GHANI MOHAMMAD ASSAF** paid $9,000 in United States currency to purchase fifteen Glock 9mm pistols.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

Beginning on an unknown date, but no later than June 25, 2014, in Hillsborough County, in the Middle District of Florida,

**MAHMOUD ABDEL-GHANI MOHAMMAD ASSAF**
**and**
**YASSER AHMAD OBEID,**

the defendants herein, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and willfully attempt to export and attempt to cause to be exported from the United States a defense article, that is, a firearm as defined by federal law and a defense article under Category I(a) on the USML, without having first obtained from the Department of State, DDTC, a license for such export or written prior authorization for such export.

In violation of Title 22, United States Code, Sections 2778(b)(2), 2778(c), and 2, and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and 127.3.

## COUNT THREE

Beginning on an unknown date, but no later than June 25, 2014, in Hillsborough County, in the Middle District of Florida,

**MAHMOUD ABDEL-GHANI MOHAMMAD ASSAF**
**and**
**YASSER AHMAD OBEID,**

the defendants herein, aided and abetted by each other and others known and unknown to the Grand Jury, did fraudulently and knowingly attempt to export and send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, and received, concealed, bought, and sold and, in any manner, facilitated the transportation, concealment, and sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation, contrary to the AECA and ITAR.

In violation of Title 18, United States Code, Sections 554 and 2.

## FORFEITURES

1.   The allegations contained in Counts One through Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 19, United States Code, Section 1595a(d), Title 22, United States Code, Section 401, and Title 28, United States Code, Section 2461(c).

2. From their engagement in the violations alleged in Counts One through Three of this Indictment, the defendants,

**MAHMOUD ABDEL-GHANI MOHAMMAD ASSAF
and
YASSER AHMAD OBEID,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of their interest in any property, real or personal, which constitutes or is derived from proceeds traceable to said violations.

3. From their engagement in the violations alleged in Counts One and Two of the Indictment, the defendants,

**MAHMOUD ABDEL-GHANI MOHAMMAD ASSAF
and
YASSER AHMAD OBEID,**

shall forfeit to the United States of America, pursuant to Title 22, United States Code, Section 401 and Title 28, United States Code, Section 2461(c), all arms or munitions of war and other articles, vessels, vehicles, and aircraft which have been or are being used in said violations.

4. From their engagement in the violations alleged in Count Three of the Indictment, the defendants,

**MAHMOUD ABDEL-GHANI MOHAMMAD ASSAF
and
YASSER AHMAD OBEID,**

shall forfeit to the United States of America, pursuant to Title 19, United States Code, Section 1595a(d) and Title 28, United States Code, Section 2461(c), any

merchandise exported or sent or attempted to be exported or sent from the United States, or the proceeds or value thereof; and property used to facilitate the exporting and sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation.

5. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
Josephine W. Thomas
Assistant United States Attorney

By: _____
Simon A. Gaugush
Assistant United States Attorney
Chief, General Crimes Section

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

MAHMOUD ABDEL-GHANI MOHAMMAD ASSAF
and
YASSER AHMAD OBEID

## INDICTMENT

Violations:

Title 18 United States Code, Section 371
Title 22 United States Code, Section 2778
Title 18 United States Code, Section § 554

A true bill,

_____
Foreperson

Filed in open court this 17th day

of July, 2014.

_____
Clerk

Bail   $_____